Filed 12/31/14  In re L.A. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re L.A., a Person Coming Under the Juvenile Court Law. | B257116 |
| _____ <br> LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> N.A., <br><br> Defendant and Appellant. | (Los Angeles County <br> Super. Ct. No. CK41679) |

APPEAL from an order of the Superior Court of Los Angeles County, Julie Fox Blackshaw, Judge.  Affirmed.

Janette Freeman Cochran for Defendant and Appellant.

Richard D. Weiss, Acting County Counsel, Dawyn R. Harrison, Assistant County Counsel, Tyson B. Nelson, Deputy County Counsel for Plaintiff and Respondent.

_____

N.A. (mother) appeals from the June 3, 2014 dispositional order of the juvenile court which removed her daughter (L.A. or the minor) from her home and granted mother unmonitored visitation.[1]

Mother's sole contention is that the juvenile court lacked substantial evidence to support the minor's removal from her home.

We conclude the removal order is supported by substantial evidence and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 26, 2013, the Los Angeles County Department of Children and Family Services (DCFS) filed the instant section 300 petition on behalf of the minor (born in 1999), alleging, inter alia, failure to protect (*id.*, subd. (b)). The petition asserted: on prior occasions, mother created a detrimental and endangering home environment for the minor in that mother allowed the minor's adult sibling, A.A., and A.A.'s male companion, Ramon, who the mother knew to have a history of engaging in violent altercations, to reside in the minor's home and to engage in violent altercations in the minor's presence (count b-1); and that on prior occasions, mother allowed Ramon, who mother knew to have sexually abused A.A. between the ages of 15 and 17, to reside in the minor's home (count b-2).

On November 26, 2013, the juvenile court ordered the minor detained from mother's custody.

On April 9, 2014, mother pled no contest and the juvenile court sustained counts b-1 and b-2 of the petition.

At the dispositional hearing on June 3, 2014, mother's counsel argued that minor should be returned to mother's home because Ramon "is in jail and will not be having any access, not to [L.A.] and not to any other minor for quite a long time." Mother also submitted certificates that she had completed courses in parent education and sexual

---

[1] The dispositional order is directly appealable. (Welf. & Inst. Code, § 395; *In re M.C.* (2011) 199 Cal.App.4th 784, 801.)

All further statutory references are to the Welfare and Institutions Code, unless otherwise specified.

abuse awareness education as well as a letter from Kedren Clinic stating she had received individual psychotherapy on a monthly basis, which addressed issues of depression, irritability, stress management and developing coping skills.

The juvenile court found clear and convincing evidence of a substantial danger if the minor were returned to mother's custody, and that there were no reasonable means by which the minor could be protected without removal from parental custody. The juvenile court ordered reunification services and unmonitored visits for mother, as frequently as possible.

Mother appealed the June 3, 2014 order.

## CONTENTIONS

Mother contends the juvenile court lacked substantial evidence to support minor's removal from her.

## DISCUSSION

1. *No merit to mother's challenge to the sufficiency of the evidence to support removal of the minor from her home.*

    a. *General principles.*

Section 361 provides in relevant part at subdivision (c): "A dependent child may not be taken from the physical custody of his or her parents or guardian or guardians with whom the child resides at the time the petition was initiated, unless the juvenile court finds clear and convincing evidence of any of the following circumstances listed in paragraphs (1) to (5), inclusive . . . [¶] (1) There is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's or guardian's physical custody. . . . [¶] . . . [¶] (4) The minor or a sibling of the minor has been sexually abused, or is deemed to be at substantial risk of being sexually abused, by a parent, guardian, or member of his or her household, or other person known to his or her parent, and there are no reasonable means by which the minor can be protected from

3

further sexual abuse or a substantial risk of sexual abuse without removing the minor from his or her parent or guardian . . . ." (§ 361, subds. (c)(1) and (c)(4).)

A removal order is proper if it is based on proof of parental inability to provide proper care for the minor and proof of a potential detriment to the minor if he or she remains with the parent; the parent need not be dangerous and the minor need not have been actually harmed before removal is appropriate, as the focus of the statute is on averting harm to the child. (*In re Diamond H.* (2000) 82 Cal.App.4th 1127, 1136, disapproved on another ground by *Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 748, fn. 6.)

On appeal from a dispositional order removing a child from her parent, this court applies the substantial evidence standard of review, bearing in mind that the juvenile court was required to make its order based on the higher standard of clear and convincing evidence. (*In re Noe F.* (2013) 213 Cal.App.4th 358, 367.)

b. *Substantial evidence supports minor's removal.*

The evidence showed that over the years, mother allowed three children in her home to be sexually abused, namely, her daughters E.P. and A.A., as well as another girl, Rosa.

In 1999, E.P. was sexually abused by a member of the household, and when E.P. told mother about the incident, she tried to persuade E.P. to recant her allegations.

Mother met Ramon in a parenting class in 2003, while he had an open case with DCFS for abusing his daughter. Shortly thereafter, Ramon moved in with her and her children. Mother did not think that was a bad idea "because he had already been in jail and knew about the laws." At the time A.A. was about 11 years old.

At age 15, A.A. became pregnant by Ramon, then age 30. A.A. told her mother that Ramon was the father. Instead of trying to protect A.A., mother told A.A. "things like that we don't talk about."

During A.A.'s pregnancy, Ramon brought another minor girl, 16-year old Rosa, from Mexico, into the home. Rosa also was pregnant by Ramon. When asked if she was aware that it was illegal for Rosa and Ramon to have a relationship, given that Rosa was

a minor, mother responded, " 'I wasn't going to get into his business. . . . As long as it doesn't affect me I am fine.' "

Thus, instead of protecting these minor victims, mother either encouraged the victim to recant her accusations, disbelieved the allegations, or made it a point of not involving herself in "things that do not pertain to me."

Even after mother admittedly was aware that Ramon and Rosa had a sexual relationship, mother continued to allow Ramon access to her home. In February 2014, *during the pendency of this case*, despite mother's enrollment in classes in parenting and sexual abuse awareness, she allowed Ramon to stay in the home in the days prior to his incarceration.

Given mother's neglectful parenting over the years, the juvenile court properly could conclude that no safeguards, short of removal, could protect the minor. Notwithstanding Ramon's current incarceration, there was nothing to prevent mother from bringing another strange man into the home, as she had done previously, when she allowed Ramon to move into her home with her young children shortly after meeting him in a parenting class.

On this record, the trial court properly found by clear and convincing evidence that removal was appropriate in order to avert harm to the minor.

## DISPOSITION

The June 3, 2014 order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, J.*

We concur:



KITCHING, Acting P. J.



ALDRICH, J.

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.